**ROZSA LAW GROUP LC**
Thomas I. Rozsa (SBN: 080615)
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone: (818) 783-0990
Facsimile: (818) 783-0992
[tom@rozsalaw.com]

Attorneys for Plaintiff Axxion USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| AXXION USA, INC., a corporation of California, | **Case No.: 14CV6338** |
| Plaintiff, | **COMPLAINT FOR** |
| | **1. PATENT INFRINGEMENT;** |
| vs. | **2. FEDERAL TRADE DRESS INFRINGEMENT;** |
| | **3. FEDERAL FALSE DESIGNATION OF ORIGIN;** |
| DOLLAR TREE, INC., a corporation of Virginia; DOLLAR TREE STORES, INC., a corporation of Virginia d/b/a DOLLAR TREE; DOLLAR TREE DISTRIBUTION, INC., a corporation of Virginia; GREENBRIER INTERNATIONAL, INC., a corporation of Delaware, d/b/a DOLLAR TREE MERCHANDISING; DOLLAR TREE SOURCING COMPANY, LLC, a limited liability company of Virginia; and DOES 1-10, Inclusive, | **4. CALIFORNIA STATUTORY UNFAIR COMPETITION;** |
| | **5. COMMON LAW TRADEMARK INFRINGEMENT; AND** |
| | **6. COMMON LAW UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

-1-
COMPLAINT

COMES NOW Plaintiff AXXION USA, INC., a corporation of California (hereafter "Plaintiff" or "Axxion"), and for its Complaint against Dollar Tree, Inc., a corporation of Virginia; Dollar Tree Stores, Inc., a corporation of Virginia; Dollar Tree Distribution, Inc., a corporation of Virginia; Greenbrier International, Inc., a corporation of Delaware; and Dollar Tree Sourcing Company, LLC, a limited liability company of Virginia (hereafter Dollar Tree, Inc., Dollar Tree Stores, Inc., Dollar Tree Distribution, Inc., Greenbrier International, Inc. and Dollar Tree Sourcing Company, LLC are jointly referred to as "Defendants" or "Dollar Tree") and DOES 1-10, complains and alleges as follows:

## THE PARTIES

1.     Plaintiff AXXION USA, Inc. is a corporation duly formed and existing under the laws of the State of California and has its principal place of business located at 6465 Corvette Street, Commerce, California 90040. Axxion is the owner by assignment of United States Design Patent No. D667,314 S (hereafter "the '314 Patent"), with the right to enforce the '314 Patent, which is the subject of this Complaint.

2.     Plaintiff is informed and believes and based thereon alleges that Defendant Dollar Tree, Inc. is a corporation formed and existing under the laws of the State of Virginia and has its principal place of business located at 500 Volvo Pkwy, Chesapeake, VA 23320.

3.     Plaintiff is informed and believes and based thereon alleges that Defendant Dollar Tree Stores, Inc. is a corporation formed and existing under the laws of the State of Virginia and has its principal place of business located at 500 Volvo Pkwy, Chesapeake, VA 23320. Plaintiff is informed and believes and based thereon alleges that Defendant Dollar Tree Stores, Inc. is doing business under the fictitious business name Dollar Tree. Plaintiff is further informed and believes and

ROZSA LAW GROUP LLC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

based thereon alleges that Defendant Dollar Tree Stores, Inc. also has an agent for service of process in the State of California located at 1430 Truxtun Ave. 5th Fl., Bakersfield, CA 93301.

4. Plaintiff is informed and believes and based thereon alleges that Defendant Dollar Tree Distribution, Inc. is a corporation formed and existing under the laws of the State of Virginia and has its principal place of business located at 500 Volvo Pkwy, Chesapeake, VA 23320. Plaintiff is further informed and believes and based thereon alleges that Defendant Dollar Tree Stores, Inc. also has an agent for service of process in the State of California located at 1430 Truxtun Ave. 5th Fl., Bakersfield, CA 93301.

5. Plaintiff is informed and believes and based thereon alleges that Defendant Greenbrier International, Inc. is a corporation formed and existing under the laws of the State of Delaware and has its principal place of business located at 500 Volvo Pkwy, Chesapeake, VA 23320. Plaintiff is further informed and believes and based thereon alleges that Defendant Greenbrier International, Inc. is doing business under the fictitious name Dollar Tree Merchandising.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Dollar Tree Sourcing Company, LLC is a limited liability company formed and existing under that laws of the State of Virginia and has its principal place of business located at 500 Volvo Pkwy, Chesapeake, VA 23320.

7. Plaintiff is informed and believes and based thereon alleges that Dollar Tree is doing continuous and substantial business within this judicial district in the State of California. In particular, Dollar Tree has placed products in the stream of commerce in the United States knowing that they will be sold to consumers in this judicial district. Moreover, Dollar Tree is offering for sale and sold infringing products, the Knockoff Cup Packages, in this judicial district.

8.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE Defendants are ascertained, Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned herein, each of the DOE defendants was responsible, along with the named Defendants. Plaintiff is further informed and believes and based thereon alleges that the Defendants and the DOE defendants, and each and every one of them, knowingly and willfully conspired and agreed among themselves or induced each other to commit the wrongful acts as set forth herein. These wrongful acts were done pursuant to and in furtherance of this conspiracy, agreement and/or inducement. Plaintiff is further informed and believes and based thereon alleges that certain individuals named at this time as DOE Defendants and each of them, are responsible in some manner, by their acts and/or omissions, for the matters alleged herein. The wrongful acts alleged herein were done through their acts and/or omissions.

9.      Plaintiff is informed and believes and based thereon alleges that at all times mentioned herein, Defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's harm and damages are proximately caused by the conduct of each.

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## **JURISDICTION AND VENUE**

10.     The first cause of action is for patent infringement, which arises under the patent laws of the United States, Title 35 U.S.C. §§ 101 *et seq.*, particularly in violation of § 271 and under §§ 282-285. This Court has original jurisdiction over the subject matter of this cause of action pursuant to Article 1, Section 8 of the United States Constitution, and pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court also has original jurisdiction over the subject matter of the second and third causes of action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a) as well as 15 U.S.C. §§ 1125, because these causes of action are for federal trade dress infringement and federal false designation of origin, which arise under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*

12.     This Court also has original jurisdiction over the subject matter of the fourth through sixth causes of action pursuant to the provisions of 28 U.S.C. § 1338(b), because these causes of action are for California unfair competition under California Business and Professions Code § 17200 and California common law, and California trademark infringement in violation of California common law, all of which are claims for unfair competition under California law that are joined with a substantial and related claim under the trademark laws of the United States.

13.     Further, this Court has supplemental jurisdiction over the fourth through sixth causes of action, which assert state law claims, pursuant to the provisions of 28 U.S.C. 1367(a). These state law claims are so related to the other claims in this case, over which the Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

//

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

14.     This Court has personal jurisdiction over the Defendants who are transacting substantial and continuous business within this judicial district. Namely, Plaintiff is informed and believes and based thereon alleges that Dollar Tree operates approximately 4,800 retail stores across the United States, out of which hundreds of retail stores operate within the State of California, and dozens of retail stores operate within this judicial district. Furthermore, Plaintiff is informed and believes and based thereon alleges that customers in the State of California may order merchandise directly from the website of Dollar Tree, www.dollartree.com. Therefore, a substantial part of Defendants' acts complained of herein, and the events giving rise to the claims in this case occurred in this judicial district.

15.     This Court has personal jurisdiction over the Defendants who have committed acts of patent infringement, trade dress infringement, false designation of origin, unfair competition and trademark infringement within this judicial district. A substantial part of Defendants' acts complained of herein, and the events giving rise to the claims in this case occurred in this judicial district.

16.     Each and every one of the Defendants referred to jointly as Dollar Tree is subject to the personal jurisdiction of this Court because Plaintiff is informed and believes and based thereon alleges that Dollar Tree has committed and/or actively induced the infringing and improper acts complained of herein, and continues to do so, in this judicial district.

17.     The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this judicial district, among other places.

18.     Plaintiff is informed and believes, and based thereon alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400, in that, inter alia, the matters in controversy arise out of the activities undertaken in this

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

judicial district and the Defendants, and each of them, are subject to the personal jurisdiction of this Court.

## AXXION'S INTELLECTUAL PROPERTY RIGHTS

19.    On September 18, 2012, United States Design Patent No. D667,314 issued for 'PACKAGE OF FIVE NESTED 16 OUNCE HOT/COLD CUPS" (the "'314 Patent"), a true and correct copy of which is attached hereto as **EXHIBIT 1** and incorporated herein by reference.

20.    Axxion has acquired and duly owns all right, title and interest in the '314 Patent by virtue of proper assignment, including the right to sue and recover for infringement thereof.

21.    The '314 Patent is in full force and effect.

22.    Axxion has been advertising, promoting, distributing, producing, importing, offering for sale and selling products which practice the art disclosed in the '314 Patent (hereafter "the Axxion 5 Cup Package") since at least as early as June 15, 2010.

23.    Axxion has properly marked the Axxion 5 Cup Package with the Patent Number D598,314 from the date the '314 Patent issued. Axxion had been properly marking its products with the designation "Patent Pending" while its application that matured into the '314 Patent was pending.

24.    Since at least as early as June 2010, and prior to the acts of Defendants complained of herein, Axxion has continuously manufactured, produced, imported, advertised, marketed, distributed, offered for sale and sold in interstate commerce the package of five nested 16 ounce hot/cold cups depicted in the '314 Patent. The Axxion 5 Cup Package instantly became a commercial success, and it has been a very important item among the assortment of products Axxion offers to its customers. Demand for Axxion's 5 Cup Package has been steadily increasing since the first day it was introduced to the market.

25.     Plaintiff has continuously manufactured, produced, imported, advertised, marketed, distributed, offered for sale and sold in interstate commerce the package of five nested 16 ounce hot/cold cups depicted in the '314 Patent under the distinctive trademark "AXXION". Axxion owns federal trademarks "AXXION" (word mark), which bears U.S. Trademark Registration No. 3,801,917, and registered on June 15, 2010; and "AXXION" (word and design mark) which bears U.S. Trademark Registration No. 3,801,918, and registered on June 15, 2010. Both of Axxion's federal trademarks list among the goods marketed under the Axxion mark cups made of plastic and cups made of foam.

26.     The Axxion 5 Cup Package is characterized by its distinctive shape, style and overall appearance and design (hereafter "SSOAD"). The package of five nested 16 ounce hot/cold cups with lids that is the Axxion 5 Cup Package, The Axxion 5 Cup Package is further characterized by its outstanding quality, design, materials of construction, workmanship, performance, reliability and durability. The Axxion 5 Cup Package has been featuring the same pattern, same design, same overall appearance, look and feel since June 2010. At the time the Axxion 5 Cup Package was introduced to the United States market, and throughout the years since then, the Axxion 5 Cup Package was a unique product configuration in the household disposables market. Axxion has developed trade dress rights in the SSOAD of the Axxion 5 Cup Package by virtue of Axxion's substantial and continuous use of the SSOAD of the Axxion 5 Cup Package in interstate commerce. Attached hereto as **EXHIBIT 2** and incorporated by reference is a true and correct copy of a photograph depicting the SSOAD of the Axxion 5 Cup Package.

27.     The SSOAD of the Axxion 5 Cup Package is ornamental, non-functional, and has acquired secondary meaning with the trade and the consuming public and/or has become distinctive in the minds of customers in that this shape,

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

style, overall appearance and design is associated with Axxion. Axxion owns trade dress rights in the SSOAD of the Axxion 5 Cup Package.

28.    Ever since the Axxion 5 Cup Package has been introduced to the U.S. market in June 2010, it has been a very popular item on Axxion's roster. Axxion has widely advertised the Axxion 5 Cup Package on its website and at trade shows, and had significant sales of the Axxion 5 Cup Package. The Axxion 5 Cup Package has had the same ornamental design since its first day on the U.S. market, and customers appreciate and recognize it as Axxion's product. The Axxion 5 Cup Package is widely appreciated by customers and its sales have been increasing year after year.

## DEFENDANT'S INFRINGING AND UNLAWFUL ACTS

29.    In or about June 2014, Plaintiff has become aware of the fact that Dollar Tree has been manufacturing, importing, advertising, marketing, distributing, offering for sale and/or selling products which infringe the claim of the '314 Patent, and infringe upon Axxion's trade dress rights. Dollar Tree's infringing products include, without limitation, a package of five nested paper cups with lids. The products accused of infringement that are manufactured, imported, advertised, marketed, distributed, offered for sale and/or sold by Dollar Tree are hereafter collectively referred to as "Knockoff Cup Packages".

30.    By way of example, attached hereto as **EXHIBIT 3** and incorporated herein by reference are photographs showing Knockoff Cup Packages that Plaintiff accuses of infringement.

31.    Further by way of example, attached hereto as **EXHIBIT 4** are true and correct copies of printouts from the online catalog of Dollar Tree posted on the website of Dollar Tree (www.dollartree.com) showing Knockoff Cup Packages being advertised and offered for sale.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

32.    Further by way of example, attached hereto as **EXHIBIT 5** is a true and correct copy of an invoice from Dollar Tree, and a photograph of the product purchased evidencing that Dollar Tree is selling the Knockoff Cup Packages in its retail stores. As set forth above, Plaintiff is informed and believes, and based thereon alleges that Dollar Tree operates approximately 4,800 retail stores across the United States, and all of Dollar Tree's retail stores carry the Knockoff Cup Packages. In addition, Plaintiff is informed and believes and based thereon alleges that Dollar Tree is in the process of acquiring a competitor, Family Dollar, and this acquisition will increase the number of Dollar Tree stores from 4,800 to approximately 13,000.

33.    Plaintiff is informed and believes and based thereon alleges that Dollar Tree has been manufacturing, importing, marketing, distributing, offering for sale and selling the Knockoff Cup Packages in spite of Dollar Tree's full knowledge of Plaintiff, Plaintiff's proprietary rights, including patent and trademark rights in and to the Axxion 5 Cup Package.

34.    Plaintiff is informed and believes and based thereon alleges that Dollar Tree has had full knowledge of the Axxion 5 Cup Package and Axxion's exclusive rights in and to these products since as early as 2010. Upon its introduction to the United States market in June 2010, the Axxion 5 Cup Package was heavily marketed to all potential customers of Axxion. In or about August 2010, Axxion approached Dollar Tree and offered to Dollar Tree Axxion 5 Cup Packages for purchase. Dollar Tree showed initial interest in carrying the Axxion 5 Cup Packages and therefore Axxion further shared with Dollar Tree a product specification sheet and provided a quote to Dollar Tree.

35.    In or about February 2013, the communications were renewed between Dollar Tree and Plaintiff concerning the Axxion 5 Cup Package. Axxion corresponded with various Dollar Tree employees and Dollar Tree showed interest

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

in the Axxion 5 Cup Package. As a result of Dollar Tree's interest, Axxion sent physical samples of the Axxion 5 Cup Package to Dollar Tree. These product samples were all marked with the '314 Patent and bore the "AXXION" trademark.

36.    In or about June 2013, Axxion was invited to the Open Buy Day organized by Dollar Tree that was held on June 18, 2013, at the corporate headquarters of Dollar Tree in Chesapeake, Virginia. Axxion agreed to participate in this event and sent samples of the products to Dollar Tree that Axxion wished to present at the event, which included samples of the Axxion 5 Cup Package that were all properly marked with the '314 Patent and bore the "AXXION" trademark.

37.    On June 18, 2013, representatives of Plaintiff attended the Open Buy Day of Dollar Tree at the corporate headquarters of Dollar Tree in Chesapeake, Virginia. They met with Michael Hoffman, a Merchandise Manager at Dollar Tree, Nicole Bryant, an Associate Merchant for the Household Consumables Department of Dollar Tree, and Kristina Tibbetts. The various Axxion products Plaintiff reviewed and discussed with these employees, representatives and agents of Dollar Tree during that meeting included the Axxion 5 Cup Package. At the meeting Mr. Hoffman, Ms. Bryant and Ms. Tibbetts were presented with additional samples of the Axxion 5 Cup Package, which were all properly marked with the '314 Patent and bore the "AXXION" trademark.

38.    With full knowledge of Axxion's proprietary rights in and to the Axxion 5 Cup Package, Dollar Tree has been, and currently still is manufacturing, producing, importing, distributing, offering for sale and selling the Knockoff Cup Packages, or Dollar Tree is contributing to, or having the Knockoff Cup Packages manufactured, produced, imported, distributed, offered for sale or sold.

//

//

ROZSA LAW GROUP LLC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

-11-
COMPLAINT

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

# FIRST CAUSE OF ACTION

## (Design Patent Infringement, 35 U.S.C. § 271)

39.   Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38, above.

40.   On August 11, 2009, United States Design Patent No. D667,314 issued for 'PACKAGE OF FIVE NESTED 16 OUNCE HOT/COLD CUPS' (the "'314 Patent"), a true and correct copy of which is attached hereto as **EXHIBIT 1** and incorporated herein by reference.

41.   Axxion has acquired and duly owns all right, title and interest in the '314 Patent by virtue of proper assignment, including the right to sue and recover for infringement thereof.

42.   The '314 Patent is in full force and effect.

43.   Axxion has been advertising, promoting, distributing, producing, importing, offering for sale and selling products which practice the art disclosed in the '314 Patent.

44.   Axxion has properly marked its products with the Patent Number D598,314 from the date the '314 Patent issued. Axxion had been properly marking its products with the designation "Patent Pending" while its application that matured into the '314 Patent was pending.

45.   Plaintiff is informed and believes, and based thereon alleges that Defendants, and each and every one of them, have notice of Axxion's rights in the '314 Patent.

46.   Defendants, and each and every one of them, have infringed the '314 Patent by manufacturing, using, importing, distributing, advertising, offering to sell and/or selling Knockoff Cup Packages embodying the invention claimed in the '314 Patent in the United States, or by supplying infringing products to others to use, thereby inducing and/or contributing to the infringement of the '314 Patent.

47.     Plaintiff is informed and believes, and based thereon alleges that the individuals who are the controlling parties of Dollar Tree, and each of them, have personally decided, directed, contributed to and induced the infringing activities of the Defendants infringing the '314 Patent with actual knowledge of the '314 Patent by manufacturing, producing, importing, promoting, distributing, using, offering for sale and selling the Knockoff Cup Packages and/or causing or inducing those to be manufactured, produced, imported, promoted, distributed, used, offered for sale and/or sold.

48.     As a direct and proximate result of the foregoing acts of Defendants, Axxion has suffered, and is entitled to, monetary damages in an amount to be determined at trial, including, without limitation, all profits lost by Plaintiff as a result of Defendants' unlawful activities, all of Defendants' profits from their sale of the Knockoff Cup Packages including any and all profits from convoyed sales, but at a minimum, Plaintiff is entitled to a reasonable royalty for all sales of the Knockoff Cup Packages. Axxion is also entitled to its costs of suit and pre- and postjudgment interest.

49.     Plaintiff is informed and believes, and based thereon alleges that Defendants' acts were in conscious and willful disregard for Axxion's rights, and Defendants have been and presently are engaged in willful and deliberate infringement of the '314 Patent.

50.     Defendants' willful infringement of the '314 Patent and the resulting damage to Axxion is such as to warrant the trebling of damages in order to provide just compensation.

51.     Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Axxion. Axxion has no adequate remedy at law. Plaintiff is entitled to preliminary

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

and permanent injunctions enjoining Defendants from engaging in further acts of infringement.

52.     Plaintiff is informed and believes, and based thereon alleges that this case is exceptional under 35 U.S.C. § 285 and Plaintiff is entitled to a recovery of their reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(Trade Dress Infringement, 15 U.S.C. § 1051, *et seq.*)

53.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38, above.

54.     Since at least June 2010, and prior to the acts of Defendants complained of herein, Axxion has continuously manufactured, produced, imported, advertised, marketed, distributed, offered for sale and sold in interstate commerce the package of five nested 16 ounce hot/cold cups with lids depicted in EXHIBIT 2 under the distinctive trademark "AXXION". To the best of Axxion's knowledge, at the time it was first introduced in 2010 and throughout the years since then, the Axxion 5 Cup Package has been a unique product configuration in the household disposables market.

55.     Axxion's package of five nested 16 ounce hot/cold cups with lids (the Axxion 5 Cup Package) is characterized by its outstanding quality, design, materials of construction, workmanship, performance, reliability and durability.

56.     As set forth above, the SSOAD of the Axxion 5 Cup Package is unique, ornamental and non-functional. The ornamentality of the Axxion 5 Cup Package is evidenced by the issued '314 Patent.

57.     The SSOAD of the Axxion 5 Cup Package is inherently distinctive or has acquired secondary meaning with the trade and the consuming public and/or has become distinctive in the minds of customers in that this shape, style, overall

appearance and design is associated with Axxion and the SSOAD is recognized by customers as one emanating from, or endorsed by Axxion.

58.     Axxion has manufactured, produced, imported, advertised, marketed, distributed and promoted its Axxion 5 Cup Package and related products so that the public associates them with the idea of outstanding quality, design, materials, workmanship, performance, reliability and durability. In furtherance of that goal, Axxion usually displays its products and the associated trademarks in its advertising and promotional presentations.

59.     To date, Axxion has spent tens of thousands of dollars annually advertising and promoting its "AXXION" mark and the Axxion 5 Cup Package and related products, and has a substantial amount in annual sales of the Axxion 5 Cup Package and related products.

60.     Defendants, and each and every one of them, have manufactured, produced, imported, promoted, marketed, advertised, distributed, offered for sale and/or sold commercially in interstate commerce in the United States the Knockoff Cup Packages, some of which are shown by way of example in Exhibits 3-5.

61.     The Knockoff Cup Packages bear a shape, style, overall appearance and design that is the same as, or confusingly similar to, the SSOAD of the Axxion 5 Cup Package sold under the "AXXION" mark. Dollar Tree's promotion, marketing, advertising, distribution, offer for sale and/or sale of the Knockoff Cup Packages is likely to cause confusion, and on information and belief, has caused confusion that the Knockoff Cup Packages are made by, emanate from, sponsored by, associated with or affiliated with Axxion, because the Knockoff Cup Packages have a shape, style, overall appearance and design that is the same as or confusingly similar to that of the Axxion 5 Cup Package.

62.     Defendants' use of the shape, style, overall appearance and design of the Knockoff Cup Packages is without the permission of Axxion. Defendants'

unauthorized use is with the knowledge that the shape, style, overall appearance and design of the Knockoff Cup Packages are confusingly similar to Axxion's trade dress in the SSOAD of the Axxion 5 Cup Package, which has previously been and is being used by Axxion.

63.     Plaintiff is informed and believes and based thereon alleges that Dollar Tree had knowledge of the Axxion 5 Cup Package and the considerable commercial success it has achieved. Plaintiff is further informed and believes and based thereon alleges that Defendants, and each of them, willfully and with conscious disregard for Axxion's trade dress rights in the Axxion 5 Cup Package product design, manufactured, produced, imported, promoted, marketed, advertised, distributed, offered for sale and/or sold commercially in interstate commerce in the United States the Knockoff Cup Packages that are colorable imitations of Axxion's trade dress in the product configuration of the Axxion 5 Cup Package.

64.     Defendants' acts set forth above constitute trade dress infringement of Axxion's trade dress in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq*., to the substantial and irreparable injury of the public and of Axxion's business reputation and goodwill.

65.     As a result of their infringing and unlawful acts, Defendants have been, and continue to be, unjustly enriched by profits that Defendants have made in connection with the manufacturing, importation, promotion, marketing, advertising, distribution, offer for sale and/or sale of the Knockoff Cup Packages that bear a shape, style, overall appearance and design that is the same or confusingly similar to the SSOAD of the Axxion 5 Cup Package sold under the "AXXION" mark.

66.     Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

67.     As a direct and proximate result of the foregoing acts of Defendants, Axxion has suffered, and is entitled to, monetary damages in an amount to be determined at trial. Axxion is also entitled to its costs of suit, including its reasonable attorneys' fees, and pre- and postjudgment interest.

68.     Plaintiff is informed and believes and based thereon alleges that Defendants' acts were willful, in conscious disregard for Axxion's trade dress rights in the SSOAD of its Axxion 5 Cup Package, and the resulting damage to Axxion is such as to warrant the trebling of damages in order to provide just compensation.

### THIRD CAUSE OF ACTION

(False Designation of Origin, 15 U.S.C. § 1125)

69.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38 and 54 – 68, above.

70.     Axxion owns and enjoys trade dress rights in the SSOAD of its Axxion 5 Cup Package sold under the "AXXION" mark, which trade dress rights are superior to any rights that Defendants may claim in the product configuration of the Knockoff Cup Packages. The SSOAD of the Axxion 5 Cup Package is non-functional, and is inherently distinctive or has acquired secondary meaning with the trade and consumers and/or has become distinctive in the minds of customers in that the SSOAD of the Axxion 5 Cup Package is recognized as emanating from, made or sponsored by, affiliated or associated with Axxion.

71.     Plaintiff is informed and believes and based thereon alleges that Defendants have used and are using the shape, style, overall appearance and design

of Knockoff Cup Packages to promote, market and sell their package of five nested 16 ounce hot/cold cups with the intent of passing off and confusing the customers into believing that Knockoff Cup Packages are the same as, originates with, sponsored by, affiliated or associated with Axxion.

72.    By manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or selling the Knockoff Cup Packages that have a shape, style, overall appearance and design that is the same or confusingly similar to that of Axxion's package of five nested 16 ounce hot/cold cups sold under the "AXXION" mark, Defendants have infringed on Axxion's trade dress rights in the SSOAD of the Axxion 5 Cup Package in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' acts set forth above further constitute false designation of origin, false description, false representation, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as such acts are likely to deceive customers and prospective customers into believing that Knockoff Cup Packages are from or sponsored by Axxion and, as a consequence, are likely to divert and have diverted customers away from Axxion.

73.    Unless enjoined by this Court, Defendants will continue to sell the Knockoff Cup Packages in commerce in the United States, and the Knockoff Cup Packages will be viewed as having emanated from Axxion. Axxion, however, has no control over the nature and quality of the Knockoff Cup Packages so rendered, and any fault or objection with the Knockoff Cup Packages will adversely affect future sales by Axxion of the Axxion 5 Cup Package under the trade dress Axxion has in the product design.

74.    As a result of their infringing and unlawful acts, Defendants have been, and continue to be, unjustly enriched by profits that Defendants have made in connection with the manufacturing, importation, promotion, marketing,

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

advertising, distribution, offer for sale and/or sale of the Knockoff Cup Packages that bear a shape, style, overall appearance and design that is the same or confusingly similar to the SSOAD of the Axxion 5 Cup Package sold under the "AXXION" mark.

75. Defendants' continuing infringement has inflicted, and unless enjoined by this Court, will continue to inflict great and irreparable harm upon Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

76. As a direct and proximate result of the foregoing acts of Defendants, Axxion has suffered, and is entitled to, monetary damages in an amount to be determined at trial. Axxion is also entitled to its costs of suit, including its reasonable attorneys' fees, and pre- and postjudgment interest.

77. Plaintiff is informed and believes and based thereon alleges that Defendants' acts were willful, in conscious disregard for Axxion's trade dress rights in the SSOAD of its Axxion 5 Cup Package, and the resulting damage to Axxion is such as to warrant the trebling of damages in order to provide just compensation.

## FOURTH CAUSE OF ACTION

(California Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq.*)

78. Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38, 54 – 68 and 70 – 77, above.

79. Axxion owns and enjoys trade dress rights in the SSOAD of its Axxion 5 Cup Package sold under the "AXXION" mark. The SSOAD of Axxion's Axxion 5 Cup Package is non-functional, and is inherently distinctive or has acquired secondary meaning with the trade and consumers and/or has become

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

distinctive in the minds of customers in that the SSOAD of the Axxion 5 Cup Package is recognized as emanating from, made or sponsored by, affiliated or associated with Axxion.

80.    Axxion has built valuable business reputation and goodwill in its trade dress. Defendants' manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or selling of the Knockoff Cup Packages, that have a shape, style, overall appearance and design that is the same or confusingly similar to that of Axxion's trade dress, is likely to and does permit Defendants to trade upon the goodwill of Axxion's trade dress and to confuse the public regarding a connection or affiliation between Axxion and Defendants.

81.    Defendants' aforementioned conduct results in damage to Axxion's goodwill and business reputation and unjustly enriches the Defendants.

82.    By manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or selling the Knockoff Cup Packages that have a shape, style, overall appearance and design that is the same or confusingly similar to that of Axxion's trade dress, Defendants mislead others, and will continue to mislead others into assuming there is a connection between Defendants and Axxion.

83.    Defendants' use of the Knockoff Cup Packages, that bear the same or a confusingly similar shape, style, overall appearance and design to that of Axxion's trade dress, was and is without the consent of Axxion.

84.    Defendants' manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or sale of the Knockoff Cup Packages, that has a shape, style, overall appearance and design that is the same or confusingly similar to that of Axxion's trade dress, constitutes unfair competition in violation of § 17200, *et seq*., of the California Business and Professions Code.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

85.     Plaintiff is informed and believes, and based thereon alleges that, unless enjoined by this Court, Defendants will continue to infringe Axxion's trade dress and monetary compensation will not be adequate relief for Axxion for the damage to its trade dress in the public's eye. Plaintiff is entitled to preliminary and permanent injunction enjoining Defendants from engaging in further acts of infringement.

86.     As a result of their acts complained of herein, Defendants have been, and will continue to be unjustly enriched by profits they made in connection with manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or selling the Knockoff Cup Packages that bear a shape, style, overall appearance and design that is the same or confusingly similar to that of Axxion's trade dress.

## FIFTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

87.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38, 54 – 68 and 70 – 77, above.

88.     Axxion has continuously used and promoted its trade dress in the SSOAD of its Axxion 5 Cup Package. By way of Axxion's continuous use and promotion of its trade dress, as well as the distinctiveness of the trade dress, customers recognize and associate Axxion's trade dress as representing a single, even if anonymous, source or sponsor of goods, and therefore Axxion's trade dress in the SSOAD of the Axxion 5 Cup Package is a protectable trademark at common law.

89.     Axxion owns and enjoys common law trademark rights in the overall commercial impression and presentation of its Axxion 5 Cup Package sold under the "AXXION" mark, which rights are superior to any rights that Defendants may

claim in and to any trademark with respect to the Knockoff Cup Packages. Axxion's trade dress is non-functional, ornamental, inherently distinctive and/or has acquired secondary meaning with the trade and customers and/or has become distinctive in the minds of customers in that the SSOAD of the Axxion 5 Cup Package is associated with Axxion.

90.     Defendants have used the Knockoff Cup Packages, that bear a confusingly similar appearance to the Axxion 5 Cup Package sold under the "AXXION" mark. Defendants' use of a similar appearance for the Knockoff Cup Packages has created a likelihood of confusion in the trade and among the consuming public as to the source of the products.

91.     The manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or sale by Defendants of the Knockoff Cup Packages throughout the United States is likely to cause confusion and, Plaintiff is informed and believes, and based thereon alleges, that it has caused confusion as to the source of the Knockoff Cup Packages in that purchasers of the Knockoff Cup Packages will be likely to associate or have associated such products as originating with Axxion, all to the detriment of Axxion.

92.     By reason of Defendants' actions alleged herein, Axxion has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its trade dress unless and until Defendants are enjoined from continuing their wrongful acts.

93.     Plaintiff is informed and believes, and based thereon alleges that Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard for Axxion's rights in its trade dress, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

-22-
COMPLAINT

## SIXTH CAUSE OF ACTION

### (Common Law Unfair Competition)

94.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 38, 54 – 68 and 70 – 77, above.

95.     The manufacturing, producing, importing, promoting, marketing, advertising, distributing, offering for sale and/or sale by Defendants of the Knockoff Cup Packages throughout the United States is likely to cause confusion, to cause misrepresentation, to cause mistake, and/or to deceive the public as to the affiliation, approval, sponsorship, or connection between Defendants and Axxion and constitute unfair competition at common law.

96.     By reason of Defendants' actions in connection with the Knockoff Cup Packages, Axxion has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill and in the value of its trade dress unless and until Defendants are enjoined from continuing their wrongful acts.

97.     By reason of Defendants' actions in connection with the Knockoff Cup Packages, Axxion has been damaged in an amount not presently ascertained, and such damage will continue to increase unless and until Defendants are enjoined from continuing their wrongful acts.

98.     Plaintiff is informed and believes, and based thereon alleges that Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard for Axxion's rights in its trade dress, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1.      That this Court adjudge that the '314 Patent is valid and enforceable and in full force and effect;

2.      That this Court adjudge that Defendants, and each of them, have literally infringed the '314 Patent, and for that infringement this Court award Plaintiff all of Plaintiff's lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cup Packages including, without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cup Packages resulting from such infringement;

3.      That this Court adjudge that Defendants, and each of them, have infringed the '314 Patent under the Doctrine of Equivalents, and for that infringement this Court award Plaintiff all of Plaintiff's lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cup Packages including, without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cup Packages resulting from such infringement;

4.      That this Court adjudge that Defendants, and each of them, by virtue of the manufacture, production, importation, use and sale of the Knockoff Cup Packages have contributed to the infringement of or induced the infringement of the '314 Patent, and for that infringement this Court award Plaintiff all of Plaintiff's lost profits as a result of such infringement, and all of Defendants' profits as a result of Defendants' sales of the Knockoff Cup Packages including,

without limitation, any and all profits from convoyed sales, and not less than a reasonable royalty on the sale of all of the Knockoff Cup Packages resulting from such infringement;

5.     That this Court issue a preliminary and then a permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, parents, subsidiaries and divisions, and all persons and/or entitites acting for, with, by, through, or in concert or participation with them from:

(a) infringing the '314 Patent, either directly or indirectly;

(b) inducing others to infringe the '314 Patent;

(c) manufacturing, producing, importing, advertising, promoting, marketing, distributing, offering for sale and/or selling the Knockoff Cup Packages;

(d) using Axxion's trade dress and/or any other designation that is a colorable imitation of and/or is confusingly similar to Axxion's trade dress in connection with the manufacturing, producing, importing, advertising, promoting, marketing, distributing, offering for sale and/or selling a package of five nested 16 ounce hot/cold cups with lids neither originating from nor authorized by Plaintiff;

(e) representing in any manner, or by any method whatsoever, that goods, services, or other products provided by the Defendants originate from, affiliated or associated with, approved or authorized or sponsored by Plaintiff, or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship or certification of such goods or services;

(f) infringing the distinctive quality of the Axxion trade dress;

(g) unfairly competing with Plaintiff in any manner;

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

6.     That this Court order that Defendants deliver up to the Court any and all package of five nested 16 ounce hot/cold cups in their possession, custody and/or control that infringe the '314 Patent and/or Axxion's trade dress and to serve a copy of such list on Plaintiff's attorneys;

7.     That this Court order that Defendants deliver up to the Court any and all documents reflecting or relating to the manufacture, importation, production, purchase, distribution and/or sale of any package of five nested 16 ounce hot/cold cups that infringe the '314 Patent and/or Axxion's trade dress and to serve a copy of such list on Plaintiff's attorneys;

8.     That this Court order that Defendants deliver up to the Court all products, containers, packages, labels, literature, catalogs, signs, advertising material, and the like bearing Axxion's trade dress and/or a shape, style, overall appearance and design that is confusingly similar to Axxion's trade dress, together with all plates, molds and other means of making the same;

9.     That this Court order that Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff's attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1-8, above;

10.    That this Court order that Defendants account for and pay over to Plaintiff their profits and cumulative damages sustained by Plaintiff by reason of Defendants' unlawful acts of patent infringement, trade dress infringement, unfair competition and trademark infringement herein alleged;

11.    That this Court order disgorgement and/or restitution of Defendants' profits to Plaintiff;

12.     That this Court award Plaintiff its reasonable costs of suit and attorneys' fees;

13.     That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 35 U.S.C. § 285;

14.     That this Court award to Plaintiff enhanced damages up to three times their amount as provided by law, against Defendants to punish Defendants for their malicious and oppressive actions of willful and deliberate violation of Plaintiff's patent and trademark rights;

15.     That this Court award Plaintiff punitive damages;

16.     That this Court award Plaintiff pre- and postjudgment interest on its damages; and

17.     That this Court award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Dated:  August 12, 2014          ROZSA LAW GROUP L.C.

By: _____

Thomas I. Rozsa
ROZSA LAW GROUP L.C.
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356
Tel. (818) 783-0990
Fax (818) 783-0992
E-mail: tom@rozsalaw.com

Attorneys for Plaintiff
Axxion USA, Inc.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## **DEMAND FOR JURY TRIAL**

Plaintiff Axxion USA, Inc. hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

Dated:  August 12, 2014                    ROZSA LAW GROUP L.C.

By: _____

Thomas I. Rozsa
ROZSA LAW GROUP L.C.
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356
Tel. (818) 783-0990
Fax (818) 783-0992
E-mail: tom@rozsalaw.com

Attorneys for Plaintiff
Axxion USA, Inc.